UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD L. SUTTON, | : |
| | : |
|     Petitioner | : |
| | : |
|     v. | : CIVIL NO. 3:CV-07-1082 |
| | : |
| JOSEPH PIAZZA, | : (Judge Kosik) |
| | : |
|     Respondent | : |

**Memorandum and Order**

    Petitioner, Ronald L. Sutton, filed this 28 U.S.C. § 2254 petition on June 15, 2007. (Doc. 1.) He has paid the filing fee. On August 28, 2007, the court issued an "Order with Notice of Limitations on Filing of Future Petitions Under 28 U.S.C. § 2254." (Doc. 10.) Because Petitioner did not notify the court within thirty (30) days from said Order that he wished to withdraw the petition and file another § 2254 petition, the court reviewed the instant petition as filed. In so doing, an Order directing service of the petition on Respondent was issued on October 9, 2007 (Doc. 11). On October 19, 2007, Respondent moved to file a partial answer to the petition for writ of habeas corpus. This motion was granted and a response submitted on October 29, 2007, seeking the denial of the petition on grounds of procedural default. (Doc. 16.) For the reasons that follow, the petition will be denied.

**I.     Background**

On March 24, 2004, Petitioner entered a plea of guilty to three counts of Unlawful Delivery of a Controlled Substance and one court of Possession with Intent to Deliver a Controlled Substance in violation of 35 P.S. § 780-113(a)(30) in the Dauphin County Court of Common Pleas.  He was sentenced to imprisonment for 1 to 10 years for each count of the Delivery offenses and 3 to 10 years on the Possession charge, with all sentences running consecutive for an aggregate sentence of 6 to 40 years.

On April 26, 2004, Petitioner filed a motion to modify his sentence nunc pro tunc in the Dauphin County court.  This motion was denied on June 2, 2004.  He did not pursue a direct appeal from the conviction and judgment of sentence.

On June 16, 2004, Petitioner filed a petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546, which the Pennsylvania Superior Court later deemed timely.  Counsel was appointed on June 30, 2004, but filed a "no-merit" letter with the PCRA court on October 15, 2004.  On January 10, 2005, the PCRA court granted counsel's motion to withdraw and issued notice of intent to dismiss the PCRA petition without hearing.  A final order dismissing the PCRA petition was entered on September 14, 2005.

On appeal from the denial of PCRA relief, the Superior Court found that the issues raised by Petitioner in his appeal were waived because he failed to develop any

argument relating to said issues. The only issue that was reviewed by the Superior court was one that was developed in Petitioner's argument section of his brief and related to the issue of "merger of sentences." Petitioner did not appeal to the Pennsylvania Supreme Court.

In the instant habeas petition, Petitioner does not raise the issue of merger of sentences. Rather, he raises the following grounds: (1) ineffective assistance of trial counsel; (2) trial court error and (3) entrapment.

## II. Discussion

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-8 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-8 (1991); see also Pulley v. Harris, 465 U.S. 37, 41 91984); Johnson v. Rosemeyer, 117 F.3d 104 (3d Cir. 1997).

Respondent seeks to dismiss the petition for failure to exhaust state court remedies. (Doc. 16). Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective

3

process, or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999). Respect for the state court system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state courts." Castille v. Peoples, 489 U.S. 346, 351 (1989). Fair presentation also requires the petitioner to raise the claim in a procedural context in which the state courts can consider it on the merits. Id.

If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review, the federal court will excuse the failure to exhaust and treat the claims as exhausted. Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); see Teague v. Lane, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 749 (1991); Lines, 208 F.3d at 160.

A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims. See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule. See Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show "not merely that the errors created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire proceeding with error of constitutional dimensions." See United States v. Frady, 456 U.S. 152, 170 (1982).

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger, 266 at 224. The miscarriage of justice exception applies only in the extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496.

To "fairly present" a claim, the factual and legal substance of the federal claim must be presented to the state courts in a manner that puts them on notice that a

federal claim is being asserted. See Anderson v. Harless, 459 U.S. 4, 6 (1982); Picard v. Connor, 404 U.S. 270, 277-78 (1971). It is not sufficient that a "somewhat similar state-law claim was made." Harless, 459 U.S. at 6.

In the instant case, Petitioner filed no direct appeal from his conviction and sentence. While he did file a PCRA petition, the only claim addressed by the Pennsylvania Superior Court on appeal from the denial of the PCRA petition was with regard to the merger of sentences. (See Doc. 16, Resp., Ex. A, Super. Ct. Op. at 6.) This is not one of the issues raised in the instant habeas petition.[1] The claims Petitioner does raise in his pending habeas petition have not been fairly presented to the Pennsylvania courts and, as such, are unexhausted. The time for presenting these claims to the Pennsylvania courts has expired. See 42 Pa. C.S.A. § 9545(b). Thus, the claims, while technically exhausted, are procedurally defaulted. Petitioner has not averred any basis for this court to excuse his procedural default. McCandless, 172 F.3d at 260. While the court granted Petitioner an enlargement of time within which to file a traverse in this matter (Doc. 18), he never did so. Thus, he has failed to establish cause for or prejudice by the default, and has not demonstrated his actual

---

[1] Even if this issue were raised in the pending petition, it is a matter of statutory interpretation under Pennsylvania law.

innocence such that a lack of review by the court would constitute a fundamental miscarriage of justice.  Id.  Consequently, he is precluded from pursuing federal habeas corpus relief.

**ACCORDINGLY, THIS 29th DAY OF JANUARY, 2008, IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **denied**.

2. The Clerk of Court is directed to **close this case**.

3. A certificate of appealability is **denied**.

*s/EDWIN M. KOSIK*
United States District Judge